

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                     |   |                            |
|---------------------|---|----------------------------|
| IN THE MATTER OF    | § | No. 08-16-00142-CV         |
| C.R.A.,             | § | Appeal from the            |
| A JUVENILE          | § | County Court at Law No. 1  |
|                     | § | Of Denton County, Texas    |
|                     | § | (TC# JV-2014-00157)        |
|                     | § |                            |

## MEMORANDUM OPINION

Appellant, C.R.A., appeals from an order requiring him to register as a sex offender.[1] We affirm.

## FACTUAL SUMMARY

Appellant was placed on juvenile probation for twenty-four months in cause number JV-2013-00428. During a counseling session, Appellant admitted that he had sexually assaulted numerous children in his neighborhood, and he was charged with aggravated sexual assault of a child (cause numbers JV-2014-00155 and JV-2014-00156) and indecency with a child (JV-2014-00157, JV-2014-00158, and JV-2014-00159). Appellant entered a plea of true in each case, and he was placed on juvenile probation until he reached the age of eighteen. The specialized terms

---

[1] Juvenile sex offender registration orders are appealable. TEX.CODE CRIM.PROC.ANN. art. 62.357 (West 2006).

of probation required Appellant to successfully complete sex offender treatment at a designated facility. Another term required him to register as a sex offender, but the trial court entered an order deferring a ruling on sex offender registration. After being diagnosed with leukemia, Appellant was discharged from the facility before he completed sex offender treatment. The State timely filed a motion asking the court to order Appellant to register as a sex offender. The trial court conducted a Chapter 62 hearing to determine whether Appellant must register as a sex offender. The trial judge acknowledged Appellant's unfortunate circumstances, but she concluded that her ruling had to take into account the interests of the public rather than sympathy for Appellant. The court entered an order requiring Appellant to register as a sex offender.

### FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). The requirements of *Anders* apply to appeals from juvenile-delinquency proceedings. *In re D.A.S.*, 973 S.W.2d 296, 298-99 (Tex. l998)(orig. proceeding).

Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he has advised Appellant of his right to review the

record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). Counsel also provided Appellant with a form motion for access to the appellate record. Appellant has not requested access to the record and he has not filed a *pro se* brief.

We have carefully reviewed the record and counsel's brief, and we agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. The judgment of the trial court is affirmed.


November 30, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.